No. 11,882.

PARRISH'S ADDITION, ET AL. *v.* REID.

Decided October 10, 1927.   Rehearing denied November 7, 1927.

On motion to dismiss writ of error.

*Motion Granted.*

1. APPEAL AND ERROR—*Motion for New Trial—Dismissal of Writ.* Where
the disposal of a motion to dismiss an action in the trial court in-
volved the determination of an issue of fact, a writ of error to
review the judgment will be dismissed, where there was no motion
for a new trial, and no order dispensing therewith.

*Error to the District Court of El Paso County, Hon.
Arthur Cornforth, Judge.*

Messrs. SHERWIN & HUNGERFORD, Mr. CHARLES H.
SMITH, for plaintiffs in error.

Mr. HILDRETH FROST, for defendant in error.

*Department One.*

MR. JUSTICE WHITFORD delivered the opinion of the
court.

THE plaintiffs in error were plaintiffs in the court be-
low.   On December 1, 1924, an order was entered dissolv-
ing a temporary injunction which the plaintiffs caused to
be issued on their complaint on October 27, 1924.   A
stipulation was filed to vacate the trial order April 22,
1925.   No further proceedings were had in the case until
January 11, 1927, when defendant moved to dismiss the
case, under a rule of the district court, authorizing such
action where one year had elapsed without progress or

order entered in the cause, and also prayed for costs and attorney's fees expended in securing the dissolution of the injunction.

At the hearing of the motion the court received evidence as to the reasonableness of the attorney's fee claimed by the defendant, and at the conclusion of the hearing entered judgment dismissing the action and for attorney's fee. The plaintiffs come here by writ of error to review that judgment. The defense moves to dismiss the writ.

Rule 8 provides: "The party claiming error in the trial of any case must, unless otherwise ordered by the trial court, move that court for a new trial, and, without such order, only questions presented in such motion will be considered on review."

The plaintiffs' assignments of error are: (1) Because the trial court erred in finding the issues in favor of the defendant; (2) because the findings of the trial court are against the law; (3) because the findings of the trial court are against the evidence; (4) because the trial court erred in entering judgment in favor of the defendant.

It is clear that the assignments of error relate only to the findings and judgment entered at the hearing of the motion. An issue of fact was raised and tried at that hearing. The judgment was predicated upon the findings of the court from the evidence received in open court, and the judicial notice properly taken by the court of its records and rules of practice. Error is assigned that the findings are against the evidence, and they seek a new trial and re-examination of the issues of fact. In issues of fact, it is the immemorial practice to file motions for a new trial. Rule 8 must be considered as applicable to a case of this character.

The motion to dismiss the writ of error is granted.

MR. JUSTICE DENISON, sitting for MR. CHIEF JUSTICE BURKE, MR. JUSTICE SHEAFOR and MR. JUSTICE CAMPBELL concur.